## McHENRY vs. MARTIN.

*Twelfth District Court, for San Francisco Co., October, 1857.*

### ASSUMPSIT.

The fact that A. did not deny the existence of a certain indebtedness, charged against him by B., at a time when they were engaged about a different matter, is not sufficient evidence in an action in *assumpsit*, brought by B., to sustain an averment that A. was indebted to him in an amount different from that which A. did not deny, and with interest.

Whether or not it would sustain an action at all, *quære?*

The facts are sufficiently stated in the opinion.

*S. H. Dwinelle,* for plaintiff.

*C. J. Hughes,* for defendant.

NORTON, J.—The complaint avers that the defendant is indebted to the plaintiff in the sum of $275, with interest, at the rate of two and a half per cent. per month. The case was referred to a referee, and the only evidence adduced to sustain plaintiff's claim, merely established the fact, that he and defendant went together to a place to sign a bill of sale, and that while there, the former remarked that defendant owed him $400, which the latter did not deny. I do not see how this evidence can sustain the above averment of the complaint. This sets forth a specific contract, that defendant owes plaintiff the sum of $275, with a specified amount of interest, which it is averred defendant promised to pay at a particular time. This allegation is not broad enough to be sustained by the mere fact that the defendant did not deny that he owed $400. The other circumstances diminish the effect of this silence still further, for it does not appear that the occupation at the time, had any connection with the subject of their indebtedness in question, and that they were merely engaged about a bill of sale. But independent of this nature of precision of this allegation in the complaint, I think that on broader grounds, a person can hardly be held liable to pay a debt simply because he did not deny its existence when charged, and that at a time when the debt, if it existed at all, was not the subject of consideration.

The report of the referee is set aside.